**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0322n.06

No. 11-3353

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**_Mar 23, 2012_**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| SAUL MORENO-MARTINEZ, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GUY and DONALD, Circuit Judges; O'MEARA, District Judge.[*]

PER CURIAM. In this direct criminal appeal, Saul Moreno-Martinez appeals the district court's denial of his motion to suppress certain evidence.

Moreno-Martinez was charged with transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). He moved to suppress the evidence obtained during the incident that culminated in his arrest, arguing that the Border Patrol agents had no valid basis to detain him for questioning. The district court denied the motion, concluding that the encounter between Moreno-Martinez and the agents was consensual. Moreno-Martinez entered a conditional guilty plea, reserving the right to challenge the district court's determination that the encounter was consensual. The district court sentenced Moreno-Martinez to time served, to be followed by three years of supervised release.

---

[*]The Honorable John C. O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Moreno-Martinez argues that the district court erred by denying his motion to suppress. In reviewing the denial of a motion to suppress, we review the district court's legal determinations de novo and its factual findings for clear error. *United States v. Campbell*, 486 F.3d 949, 953 (6th Cir. 2007). A consensual encounter between an individual and a law enforcement officer does not trigger Fourth Amendment scrutiny. *Florida v. Bostick*, 501 U.S. 429, 434 (1991). "So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual . . . ." *Id.* (internal quotation marks and citation omitted). Once the encounter escalates to the point where the individual is "seized," the officer must have reasonable suspicion or probable cause to satisfy the Fourth Amendment. *Campbell*, 486 F.3d at 954. "[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Bostick*, 501 U.S. at 434.

The evidence presented at the suppression hearing, which Moreno-Martinez does not dispute, established that several Border Patrol agents approached Moreno-Martinez's van while it was parked in a public rest area on the Ohio Turnpike. Moreno-Martinez was asleep in the driver's seat of the van. One agent knocked on the driver's side window and, after Moreno-Martinez opened the door of the van, the agent asked him if everything was okay. Moreno-Martinez replied, "yes." The agent then asked Moreno-Martinez where he was from, and he stated that he was from Mexico. The agent asked if he had immigration documents, and Moreno-Martinez said that he did not. Finally, the agent asked Moreno-Martinez if he was in the country illegally, and he acknowledged that he was in the country illegally. The agents then questioned the other occupants of the van and took Moreno-Martinez and the other occupants into custody.

The agents did not effect a seizure of Moreno-Martinez by approaching him in a public place and briefly asking him a few questions. *See Campbell*, 486 F.3d at 954. Because, under the circumstances, a reasonable person in Moreno-Martinez's position would have felt free to end the encounter with the agents, the district court properly determined that the encounter between Moreno-Martinez and the Border Patrol agents was consensual.

Accordingly, we affirm the district court's order.